UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| ADETUNMBI ADEWAMI )<br>  Plaintiff )<br> )<br>     v. )<br> )<br> )<br>ARISE MEDIA INC. )<br>ARISE MEDIA INC. (NIGERIA) )<br>ARISE TV LTD (UK) )<br>  Defendants ) | Case No._____<br><br>COMPLAINT WITH JURY DEMAND |

## -NATURE OF THE ACTION-

This is an action that arises from the false and defamatory statements in a news article published by Defendants about Plaintiff Adetunmbi Adewami. Mr. Adewami, a resident of the State of Maryland and originally from Nigeria, is a Christian Pastor of more than 26 years. In addition, Mr. Adewami is a trained Civil Engineer with Masters' Degree. Mr. Adewami is an active participant in the Nigerian immigrant community in Maryland and in the United States. With malice and reckless disregard, Defendants broadcast false statements asserting that Adewami was charging Three Hundred and Ten Thousand Nigerian Naira (₦310,000.00) to get a fly to heaven and fabricated evidence to support those false accusations. As a result, Mr. Adewami has endured suffered emotional distress, and his reputation has been permanently damaged. He brings this case to force Defendants to answer for their malicious conduct.

Page 1 of 18

## - INTRODUCTION -

1. On April 27, 2022, Defendants published and broadcast a news article titled PASTOR 'CHARGES N310K FOR HEAVEN'.[1] In the article, Defendants falsely used the image and picture of Plaintiff Adetunmbi Adewami and maliciously claimed that Plaintiff Adetunmbi Adewami was charging congregants ₦310,000.00 to grant them a fly to heaven.

2. Mr. Adewami is a Christian Pastor and Missionary. He is the lead Pastor of Christ Royal Assembly for All Nations International which is headquartered in Hyattsville, Maryland and was established on August 25, 2015. Plaintiff Adewami also spent eight years in the Gospel Faith Mission International and served in various capacities including Vice Chairman and Chairman, National Convention Committee (USA and Canada).

3. Without basis, Defendants used Mr. Adewami's image and picture in an article claiming that Mr. Adewami was a scam artist who promised to take people to heaven. Defendants' factual assertions to the contrary are false, offensive, and damaging to Mr. Adewami's reputation as a missionary, pastor, and astute professional.

4. Defendants broadcast the Article and the accompanying image and picture without regard to the truth or falsity of the statements it contained. Instead, Defendants either knew the falsity of those statements or acted in reckless disregard of the truth and chose to manufacture evidence to convince viewers of

---

[1] A copy of the article is publicly available at https://www.youtube.com/watch?v=P2HsHVUfyK0 (last accessed on April 20, 2023)

the News Article that Mr. Adewami was charging congregants ₦310,000.00 to grant them a fly to heaven.

## I.   PARTIES, JURISDICTION, AND VENUE

5. At all relevant times, Plaintiff ADETUNMBI ADEWAMI ("Plaintiff", "Mr. Adewami") is a citizen of the state of Maryland and resides at 6915 Varnum St Landover, MD 20784

6. Defendant Arise Media Group, Inc is a for-profit, limited-liability corporation registered in the State of New York and is therefore diverse in citizenship to Plaintiff through 28 U.S.C. § 1332(c)(1).

7. Defendant Arise Media Group Nigeria is a for-profit, Limited Liability Corporation registered in Nigeria and is therefore diverse in citizenship to Plaintiff through 28 U.S.C. § 1332(c)(1).

8. Defendant Arise TV LTD is a for profit, Limited Liability Corporation registered in the United Kingdom. Its address is 1st Floor 7 St Martins Place London, United Kingdom WC2N 4HA and is therefore diverse in citizenship to Plaintiff through 28 U.S.C. § 1332(c)(1).

9. This action arises under Maryland State law.

10. The amount of damages sought in this cause of action exceeds $75,000.00, thus meeting the requirements of 28 U.S.C. § 1332(a).

11. This Court has personal jurisdiction over Defendants because, on information and belief, and they have caused tortious injury to Mr. Adewami inside the state of Maryland. The Court may exercise personal jurisdiction over the Defendants,

committed the tortious act of defamation within the state of Maryland by broadcasting its defamatory statements to individuals within the state. The Defendants jointly and severally hold themselves out as follows:



12. Venue is proper in the District of Maryland for the following reasons:

    a. The defamatory statements that form the basis of this lawsuit were published to and in Maryland, in addition to all over the world. As a result, Defendants' defamatory statements and broadcast were accessed and viewed by individuals in Maryland. Tens of thousands of Nigerian immigrants live in the State of Maryland, making the alleged defamatory statements and broadcast in this venue significant.

    b. Because the defamatory statements were published in Maryland, a substantial part of the events giving rise to the instant claim occurred in this judicial district.

    c. The Plaintiff is a resident of Hyattsville, Prince George's County and is domiciled in Maryland.

## FACTUAL ALLEGATIONS

13. The Defendants hold themselves out as follows:

    Our aim is to bring to our African and global African diaspora audiences the most current information on all that is occurring around the world paying in particular attention to news relating to and affecting Africans worldwide.[2]

14. On April 27, 2022, Defendants broadcast a news article titled PASTOR 'CHARGES ₦310K FOR HEAVEN'.[3] In the article, Defendants falsely used the image, picture, and likeness of Plaintiff Adetunmbi Adewami and maliciously

---

[2] https://www.facebook.com/AriseTVNews/?ref=page_internal (last accessed on April 20, 2023)
[3] A copy of the article is publicly available at https://www.youtube.com/watch?v=P2HsHVUfyK0 (last visited on April 20, 2023)

claimed that Plaintiff Adetunmbi Adewami was charging congregants ₦310,000.00 to grant them a fly to heaven.



15. The effect of the broadcast on viewers is apparent from responses to the piece online. For instance, one Facebook user commented as follows:

> "*It pains me much, when people are calling a magician A PASTOR* **[sic]**, *so all criminals is now Pastors in Nigerian mentality, please the man is never a Christian talkless of being a pastor* [sic]."



16. Plaintiff brings this action to vindicate his reputation as a Christian missionary, pastor, and businessman and to establish Defendants liability for the harm they have caused to his reputation by the false, malicious, and defamatory mischaracterizations of him. The Plaintiff seeks an award of compensatory damages for the reputational harm caused by the Defendants and, given the

willful and malicious nature of Defendants' conduct that interfered with the Plaintiff as a Christian missionary, pastor, and man of God, the Plaintiff also seeks an award of punitive damages. The Plaintiff requests compensatory damages in an amount in excess of the $75,000.00 jurisdictional limit, as to be determined at trial and punitive damages.

### FIRST CAUSE OF ACTION
### Defamation – Libel

17. Plaintiff incorporates all allegations of this complaint and re-allege them as though they were fully set forth herein.

18. Defendants published and broadcast the offending publication on its news channels and streaming services. As a result of these defamatory publication and broadcast regarding the Plaintiff, viewers and readers reasonably concluded that the Plaintiff was charging congregants ₦310,000.00 to grant them a fly to heaven.

19. These statements are false and defamatory.

20. Injury to the Plaintiff's reputation is readily apparent, as evidenced by viewer responses to the statements as well as worldwide circulation of the offending publication and broadcast.[4]

---

[4] https://www.alimoshotoday.com/around-lagos/pastor-charges-church-members-310000-to-fly-them-to-heaven-5333125
 https://thenewsguru.com/nigeria-news/nigerian-pastor-charges-member-310000-naira-as-transport-fare-to-heaven/
https://opera.news/za/en/religion/34019cb50af96b4cb135f0e355df4ee2
https://www.facebook.com/EagleNewsAfrica/photos/a.880108669006261/1667214763628977/?type=3&amp%3Beid=ARBdRvr7voAG6MfeBXFSOF-
https://www.facebook.com/benblaze4/posts/nigerian-pastor-charges-members-310000-each-to-fly-them-to-heavena-nigerian-past/505191258016702/

21. By publication and broadcast of these defamatory statements and images, Defendants incited viewers to hate, contempt, distrust, ridicule, and even fear the Plaintiff, causing injury to the Plaintiff, the Plaintiff's reputation, and the Plaintiff's spiritual mission as a cleric, missionary, and Christian Pastor.

22. Defendant's published and broadcast these defamatory statements with actual malice in that they knew or ought to have known the association of the Plaintiff image with promising tickets to heaven at a cost was false, defamatory, and inflammatory or they published and broadcast the statements and images with reckless disregard for their truth or falsity.

23. As a result of Defendants' publication, Plaintiff's reputation as a cleric, pastor, and Christian missionary has been adversely affected to the point of losing members of his congregation.

24. These defamatory statements have been repeated and republished in other media outlets, which was reasonably foreseeable because the Defendant have a broad national and international audience. At the time these statements were published, Defendants knew they would be republished, rebroadcast, and disseminated to other and larger audiences.[5]

---

[5] https://www.alimoshotoday.com/around-lagos/pastor-charges-church-members-310000-to-fly-them-to-heaven-5333125
 https://thenewsguru.com/nigeria-news/nigerian-pastor-charges-member-310000-naira-as-transport-fare-to-heaven/
https://opera.news/za/en/religion/34019cb50af96b4cb135f0e355df4ee2
https://www.facebook.com/EagleNewsAfrica/photos/a.880108669006261/1667214763628977/?type=3&amp%3Beid=ARBdRvr7voAG6MfeBXFSOF-
https://www.facebook.com/benblaze4/posts/nigerian-pastor-charges-members-310000-each-to-fly-them-to-heavena-nigerian-past/505191258016702/

25. Plaintiff alleges damages as a direct and proximate result of Defendants' defamatory actions, including that the Plaintiff has suffered and continues to suffer damage, including, but not limited to, damage to his reputation, embarrassment, pain, humiliation, and mental anguish.

26. Defendants are liable for compensatory damages arising from their defamation of the Plaintiff.

27. Defendants are also liable for punitive damages because of the wanton and outrageous nature of the defamation. The actions of the Defendants presented in this Complaint demonstrate common law express malice, actual malice, egregious defamation, and insult. Such actions by Defendants were undertaken with (1) maliciousness, spite, ill will, vengeance, and/or deliberate intent to harm the Plaintiff, and with (2) reckless disregard of the falsity of their speech and its effects on the Plaintiff. Such actions by Defendants in fact did harm the Plaintiff. Specifically, the factors justifying punitive damages include, at a minimum, the following:

    a. By placing the Plaintiff's image next to the offending publication and broadcast, the Defendants knowingly made false and defamatory statements about the Plaintiff, or at the very least, made those statements with reckless disregard for their truth or falsity, thereby acting with actual malice.

    b. Defendants made false and defamatory statements about the Plaintiff with common law express malice, as evidenced by the comments of Defendants' employees, who during the publication and broadcast, made negative

characterizations of the Plaintiff with the intention to convince viewers that the Plaintiff was behind the tickets to heaven scam.

c. Defendants engaged in willful, wanton, and intentional misconduct in making false and defamatory statements and broadcast about the Plaintiff. The falsity of these statement is underscored by the fact that the Defendants recklessly used the Plaintiff's image and picture to support their broadcast.

28. Because at the time of injury Defendants had a specific intent to harm the Plaintiff and because Defendants conduct did in fact harm the Plaintiff, there is no statutory cap on punitive damages, and the Plaintiff may recover in excess of $5 million and in excess of four times his actual damages – the limits that Maryland law otherwise would provide.

## SECOND CAUSE OF ACTION
### Defamation – Libel Per Se

29. Plaintiff incorporates all allegations of this complaint and re-allege them as though they were fully set forth herein.

30. Defendants published and broadcast the offending publication on its news channels and streaming services. As a result of these defamatory publication and broadcast regarding the Plaintiff, viewers and readers reasonably concluded that the Plaintiff was charging congregants ₦310,000.00 to grant them a fly to heaven.

31. These statements are false and defamatory *per se.*

32. Injury to the Plaintiff's reputation is readily apparent, as evidenced by viewer responses to the statements as well as worldwide circulation of the offending publication and broadcast.[6]

33. By publication and broadcast of these defamatory statements and images, Defendants incited viewers to hate, contempt, distrust, ridicule, and even fear the Plaintiff, causing injury to the Plaintiff, the Plaintiff's reputation, and the Plaintiff's spiritual mission as a cleric, missionary, and Christian Pastor.

34. Plaintiff alleges damages as a direct and proximate result of Defendants' defamatory actions, including that the Plaintiff has suffered and continues to suffer damage, including, but not limited to, damage to his reputation, embarrassment, pain, humiliation, and mental anguish.

35. Defendant's published and broadcast these defamatory statements with actual malice in that they knew or ought to have known the association of the Plaintiff image with promising tickets to heaven at a cost was false, defamatory, and inflammatory or they published and broadcast the statements and images with reckless disregard for their truth or falsity.

36. As a result of Defendants' publication and broadcast, Plaintiff's reputation as a cleric, missionary, and Christian pastor has been adversely affected to the point of losing members of his congregation.

37. These defamatory statements have been repeated and republished in other media outlets, which was reasonably foreseeable because the Defendant have a

---

[6] ibid

broad national and international audience. At the time these statements were published, Defendants knew they would be republished, rebroadcast, and disseminated to other and larger audiences.[7]

38. Defendants are liable for compensatory damages arising from their defamation of the Plaintiff.

39. Defendants are also liable for punitive damages because of the wanton and outrageous nature of the defamation. The actions of the Defendants presented in this Complaint demonstrate common law express malice, actual malice, egregious defamation, and insult. Such actions by Defendants were undertaken with (1) maliciousness, spite, ill will, vengeance, and/or deliberate intent to harm the Plaintiff, and with (2) reckless disregard of the falsity of their speech and its effects on the Plaintiff. Such actions by Defendants in fact did harm the Plaintiff. Specifically, the factors justifying punitive damages include, at a minimum, the following:

   d. By placing the Plaintiff's image next to the offending publication and broadcast, the Defendants knowingly made false and defamatory statements

---

[7] https://www.alimoshotoday.com/around-lagos/pastor-charges-church-members-310000-to-fly-them-to-heaven-5333125
 https://thenewsguru.com/nigeria-news/nigerian-pastor-charges-member-310000-naira-as-transport-fare-to-heaven/
https://opera.news/za/en/religion/34019cb50af96b4cb135f0e355df4ee2
https://www.facebook.com/EagleNewsAfrica/photos/a.880108669006261/1667214763628977/?type=3&amp%3Beid=ARBdRvr7voAG6MfeBXFSOF-
https://www.facebook.com/benblaze4/posts/nigerian-pastor-charges-members-310000-each-to-fly-them-to-heavena-nigerian-past/505191258016702/

about the Plaintiff, or at the very least, made those statements with reckless disregard for their truth or falsity, thereby acting with actual malice.

e. Defendants made false and defamatory statements about the Plaintiff with common law express malice, as evidenced by the comments of Defendants' employees, who during the publication and broadcast, made negative characterizations of the Plaintiff with the intention to convince viewers that the Plaintiff was behind the tickets to heaven scam.

f. Defendants engaged in willful, wanton, and intentional misconduct in making false and defamatory statements and broadcast about the Plaintiff. The falsity of these statement is underscored by the fact that the Defendants recklessly used the Plaintiff's image and picture to support their broadcast.

### THIRD CAUSE OF ACTION
### False Light Invasion of Privacy

40. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

41. Defendants published and broadcast the offending publication on its news channels and streaming services. As a result of these defamatory publication and broadcast regarding the Plaintiff, viewers and readers reasonably concluded that the Plaintiff was charging congregants ₦310,000.00 to grant them a fly to heaven.

42. All of those accusations would be highly offensive to any self-respecting individual in American society, if not a reasonable person in Plaintiff's position. With this is mind, Defendants published and broadcast unfounded allegations to publicly humiliate Plaintiff and ruin his reputation.

43. Defendants acted without regard to the false light in which the publication and broadcast would place Mr. Adewami. Defendants also acted without regard to the likelihood such false statements would lead to the destruction of the Plaintiff's reputation and credibility as a righteous cleric, missionary and Christian Pastor.

44. Plaintiff alleges damages as a direct and proximate result of Defendants' defamatory actions, including that the Plaintiff has suffered and continues to suffer damage, including, but not limited to, damage to his reputation, embarrassment, pain, humiliation, and mental anguish.

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

45. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

46. Defendants knew or should have known that their actions would result in Mr. Adewami's severe and serious emotional distress by, among other things, impacting his reputation amongst his Christian congregation, fellow pastors and missionaries in response to their false and defamatory statements.

47. Defendants' conduct is the proximate cause of Mr. Adewami's emotional distress. Mr. Adewami did not suffer from emotional distress before learning of Defendants' false and defamatory broadcast.

48. No reasonable person could be expected to endure the distress that Mr. Adewami has suffered since learning of Defendants' false statements about him.

## FIFTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

49. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

50. Defendants knew or should have known that their actions would result in Mr. Adewami's severe and serious emotional distress by, among other things, impacting his reputation amongst his Christian congregation, fellow pastors and missionaries in response to their false and defamatory statements.

51. Defendants' conduct is the proximate cause of Mr. Adewami's emotional distress. Mr. Adewami did not suffer from emotional distress before learning of Defendants' false and defamatory broadcast.

52. No reasonable person could be expected to endure the distress that Mr. Adewami has suffered since learning of Defendants' false statements about him.

## SIXTH CAUSE OF ACTION
### Common-Law Misappropriation of the Plaintiff's Image and Likeness

53. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

54. Defendants have misappropriated Plaintiff's image and likeness in the publication and broadcast for commercial and non-commercial purposes.

55. Defendants have misappropriated Plaintiff's image and likeness in the Article, thereby associating Mr. Adewami with the false statements of fact contained in the publication and broadcast.

56. Defendants have misappropriated photos reflecting Mr. Adewami's likeness in the Article, thereby associating Mr. Adewami with the false statements of fact contained in the publication and broadcast.

57. Mr. Adewami did not consent to Defendants' use of his image, photo, or likeness.

58. Defendants' use of Mr. Adewami's image, photo, and likeness was not in relation to a matter of legitimate public interest because the Article's sole purpose was to distribute false and defamatory statements regarding Mr. Adewami.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and order against all Defendants jointly and severally, as follows:

a. Compensatory damages of not less than $5,000,000.00

b. Punitive damages of not less than $5,000,000.00

c. Attorneys' fees, costs, and disbursements, to the extent permitted by law; and

d. Such other and further relief as the Court deems just.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues triable by a jury.

DATED April 20, 2023                    Respectfully submitted

The Law Office of Ben Akech, LLC

*/s/ Ben Akech/*

Ben Akech, Esq.
Bar #22357
10770 Columbia Pike Suite 300
Silver Spring, MD 20901
Email: ben@akechlaw.com
Tel: (301) 244-0676
Fax: (301) 363-1353
           *Attorney for Plaintiff*

1. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

DATED April 20, 2023               Respectfully submitted

The Law Office of Ben Akech, LLC

*Benakechakech*

Ben Akech, Esq.
Bar #22357
10770 Columbia Pike Suite 300
Silver Spring, MD 20901
Email: ben@akechlaw.com
Tel: (301) 244-0676
Fax: (301) 363-1353
            *Attorney for Plaintiff*